RUBY H. BARTON, *Appellant, versus* JOAN C. HINDS.

By c. 95, § 3, of the Revised Statutes of 1841, (R. S., 1857, c. 103, § 3,) the Judge of Probate may assign the widow her dower in all the lands of which her husband died seized, unless her right thereto is disputed by heirs or devisees, or by persons claiming under them. As no other persons are bound by the decree, so they have no right to appeal from it. (MAY, J., dissenting.)

FACTS AGREED, March Term, 1857.

This was an appeal from a decree of the Probate Court, assigning dower to Joan C. Hinds, in the real estate of her late husband, Benjamin Hinds. The dower was assigned as of lands of which the said Hinds died seized. That he was in possession, claiming title therein, was not questioned.

The appellants and said Benjamin Hinds, and others, were heirs at law of Ashur Hinds, whose estate was divided among them in 1815. This partition was made by the Probate Court; and the part assigned to Benjamin Hinds, was the same land in which dower was assigned to the respondent. But the appellants denied the validity of the partition made

in 1815, and claimed to have been tenants in common of the premises with Benjamin Hinds. They, therefore, resisted the assignment of dower by the Probate Court, and claimed an appeal from the decree. The only question was their right to interpose for the purpose of ousting the Probate Court of its jurisdiction, as they were not heirs or devisees of Benjamin Hinds, nor did they claim under any heir or devisee.

It appeared, however, that when the estate of Ashur Hinds was divided among his heirs, in 1815, the commissioners, in making partition thereof, not being able to divide it equally "without great inconvenience," assigned a larger share to Benjamin Hinds than to some of the other heirs, and awarded that he should pay them certain sums of money therefor. This was done under the statute of March 9, 1784. In accepting the report of the commissioners, the Judge of Probate, in his decree, ordered that the share so assigned, "should be held charged for the payment of the sums of money so awarded." It appeared in evidence that, at the time of Benjamin's decease, all the other heirs had not been fully paid the sums awarded them. This was one ground on which they claimed to have an interest in the land.

The case was argued by *Bradbury, Morrill & Meserve,* for the appellants.

Benjamin Hinds did not die seized of the lands, and therefore the widow was not dowable therein.

1. The decree of the Judge of Probate, accepting the report of the commissioners who made partition of the estate of Ashur Hinds, was not in conformity with the statute of 1784, and was therefore void. Such a decree did not pass the title to Benjamin Hinds. *Goodtitle* v. *Maddern,* 4 East, 501. Nor was it necessary for any of the heirs to appeal from it. It was *ipso facto* void. 16 Mass. 122. The land, therefore, remained the property of the heirs as tenants in common. 7 Pick. 209.

2. But if the commissioners proceeded according to the statute, their report was never accepted by the Judge of Pro-

bate, except upon the express condition that the sums award-
ed to the other heirs should be a charge upon the land.   If
the Judge of Probate had no authority to annex such a con-
dition, then there was no acceptance.   If he had such author-
ity, the condition has never been performed by payment, and
therefore no title ever passed to Benjamin Hinds.   *Gaddler*
v. *Newhall*, 16 Mass. 122; *Thayer* v. *Thayer*, 7 Pick. 209.

It is immaterial whether the decree was void *ab initio*, or
became void for want of performance of the condition.   In
either case Benjamin Hinds acquired no title by lapse of time.
7 Mass. 79.   His possession, as one of the heirs, was not ad-
verse to the others, and he acquired no title by disseizin.
3 Gr. Cruise, 436.

*North* argued for the respondent.

1. The Judge of Probate exceeded his authority in annex-
ing the condition to his decree.   The condition being void,
the acceptance of the report was perfected, and the title to
the land passed to Benjamin Hinds free from any charge, and
subject to no contingency.

2. But, if he had authority to annex any such condition to
his acceptance, the appellants waived the condition by per-
mitting Benjamin Hinds to occupy the premises for a period
of forty years.   They never entered for condition broken;
and they are now precluded, by lapse of time, either from de-
nying the legality of the proceedings, or claiming a forfeiture,
merely because a small sum remained due to two of the heirs.

The opinion of the Court was delivered by

GOODENOW, J.— By the R. S., c. 95, § 3, the Judge of
Probate may assign dower to the widow, in lands of which
her husband died *seized,* when her right of dower is not dis-
puted by the *heirs* or *devisees.*

In *Sheafe* v. *O'Neil,* 9 Mass. 9, the husband did not die
seized, and upon this ground the case was decided.

In the case *French* v. *Crosby,* 23 Maine, 276, it was held

that a person, claiming title under an heir or devisee, might dispute the right of a widow to dower, and thereby oust the Probate Court of jurisdiction in the assignment of dower.

In this case, the husband died seized of the premises in which dower has been assigned by the Judge of Probate, and the claim of dower was not disputed by an heir or devisee of the husband, or by a person claiming under an heir or devisee.

When the assignment is made, the widow acquires no new freehold, but her seizin is a continuation of her husband's seizin. 4 Mass. 384, 388; 1 Pick. 314, 317, 189, 191.

The presumption is, that the husband owned the land, having died in the exclusive possession of it. It makes out a *prima facie* case for dower. The widow should be provided for without unnecessary expense or delay. She should not be held out, or turned out, by a claim from any one, except the heir or devisee, or person claiming under the heir or devisee, before there shall have been a decision upon the merits of such claim. The assignment of dower by the Judge of Probate is not conclusive. It does not settle the title as to strangers, or undertake to do so.

If the Judge of Probate had power to insert in his decree, " and the share or part so assigned shall be held charged for the payment thereof," it was not a *condition precedent.* Benjamin became seized, it may be, of a defeasible estate. The case shows no entry for condition ·broken, in his life time. The payment was to be made to the other heirs, by Benjamin, within one year after it should be demanded.

Whether the appellants have lost all remedy by lapse of time, we need not now decide. They may, or may not, have a charge upon the land for the amount which remains due them from Benjamin Hinds. Upon that question, however, we express no opinion. However that may be, they do not sustain such relation to the estate of Benjamin Hinds, as to authorize them, under the statute, to interfere with the proceedings before the Judge of Probate, or to claim an appeal from a decree of the Probate Court, assigning dower to the

widow. The appeal is therefore dismissed and the decree of the Probate Court affirmed.

*Appeal dismissed. — Decree of Probate Court affirmed.*

TENNEY, C. J., and RICE, CUTTING, and DAVIS, J. J., concurred.

MAY, J., dissenting. — This is an appeal from a decree of the Court of Probate for this county, assigning dower to the appellee in the real estate of her late husband, Benjamin Hinds, as if he were sole seized thereof at the time of his death. The appellants appeared in that Court, and denied that her said husband was so seized; and alleged that they were seized as tenants in common with him and others, as co-heirs and children of Ashur Hinds, who died as early as the year 1815, and from whom the said estate descended to them as his heirs at law. The appellee claims that her said husband became sole seized by virtue of a partition of the real estate of said Ashur Hinds among his children, by the Court of Probate, in October, 1815, and by which that portion of his estate, in which dower is now claimed, was set off to him. The validity of the proceedings in said Court are denied by the appellants.

Upon the foregoing facts, the first question presented to our consideration, is, whether the Court of Probate had any jurisdiction, so as to authorize an assignment of dower, by any proceedings in said Court. By the R. S., c. 108, § 14, it is provided, that "any widow entitled to dower in any estate of which her husband died seized, settled, or in a course for settlement in any Court of Probate, may apply to the Judge and have her dower assigned to her, on the principles stated in chapter ninety-five, unless her claim is disputed by some adverse party;" and, by the said c. 95, § 3, it is further provided, that "the Judge of Probate for the county in which the estate of the husband is settled, may assign dower to the widow, in the lands of which the husband died seized, in whatever counties they may be, where her right of dower is not disputed by the heirs or devisees." Under this statute

it has been directly settled by this Court, that it was not the intention of the Legislature to submit any question of title to the decision of the Judge of Probate. *French* v. *Crosby,* 23 Maine, 276. In this case SHEPLEY, J., remarks, that "the intention of the statute was not to refuse the jurisdiction because a *particular person* disputed the right, but because the *right was disputed by the owner of the land,* out of which the dower was claimed." This was said in reference to the apparent limitation contained in § 3, c. 95, by the words "heirs and devisees." The construction, adopted by that learned Judge, was in conformity to that adopted by the Court, of a similar statute, in the case of *Sheafe* v. *O'Neil,* 9 Mass. 9; and is greatly strengthened by the use of the words "unless her claim is disputed by some adverse party," in the 14th section of chapter 108, as before cited. It appearing, therefore, from the facts in the case, that the right to dower, as claimed by the appellee, was disputed, the Judge of Probate should have dismissed her petition for want of jurisdiction, and the parties should have been left to settle their conflicting claims in a court having jurisdiction, and where a trial by jury can be had, if need be, to settle any facts in dispute between them.